IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC ESPAT and JENNIFER ESPAT,

    Plaintiffs,

v.                                                                        No. 14-cv-1054 SMV/LAM

TIMOTHY WISSENBACK,
LINDA WISSENBACK, and
HIGH DESERT SPECIALTIES, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 7] ("Motion"), filed on December 24, 2014. Plaintiffs responded on January 7, 2015. [Doc. 10]. Defendants replied on January 21, 2015. [Doc. 12]. The Court held a telephonic hearing on the Motion on February 26, 2015. Clerk's Minutes, [Doc. 17]. The Court, having reviewed the Complaint, [Doc. 1-2] at 1–6, briefing, oral argument, and the relevant law, and being otherwise fully advised in the premises, finds that the Motion is well-taken and will be GRANTED.[1]

### Background

This action arises from Plaintiffs' purchase of a used 2007 Ferrari F430 Spider (the "Vehicle") from Defendants Timothy and Linda Wissenback and High Desert Specialties, LLC. Complaint, [Doc. 1-2] at 1–3. Plaintiffs filed their Complaint in the Second Judicial District

---

[1] Neither party has raised the issue of transferring venue rather than dismissal without prejudice. The Court declines to address the issue sua sponte.

Court, County of Bernalillo, State of New Mexico, on October 6, 2014, alleging breach of contract, fraud, and violation of the New Mexico Unfair Practices Act ("UPA").[2] [Doc. 1-2] at 1. Defendants removed the case to federal court based on diversity jurisdiction.[3] [Docs. 1, 5].

Plaintiffs are residents of New Mexico. [Doc. 1-2] at 1. Defendants Timothy and Linda Wissenback are residents of Nevada. [Doc. 5] at 2. Defendant High Desert Specialties, LLC, is a Montana limited liability company with its principal place of business in Montana. *Id.* Its members are Timothy Wissenback, Corey Wissenback, and Linda Wissenback. *Id.* All LLC members are Nevada citizens. *Id.*

Defendants advertised the sale of the Vehicle online via the Auto Trader website, AutoTrader.com. [Doc. 1-2] at 2; [Doc. 7] at 2; *see* [Doc. 1-2] at 7 (copy of AutoTrader.com advertisement). The advertised price was $125,000. [Doc. 1-2] at 7. In early February, 2014, Plaintiffs contacted Defendants concerning the advertisement. [Doc. 10-1] at 1.

After Plaintiffs initiated contact with Defendants, the parties discussed the potential Vehicle sale via telephone and email exchanges.[4] [Doc. 10] at 2; [Doc. 10-1] at 2. Through their

---

[2] Defendants Timothy and Linda Wissenback state that they were not served a copy of the Complaint. Rather, they learned of the lawsuit from a manila envelope taped to their fence containing a copy of the Complaint. [Doc. 5] at 2.

[3] On November 21, 2014, the Court ordered Defendants to amend their Notice of Removal to properly allege the citizenship of each and every party at the time the notice was filed, including the citizenship of each member of Defendant High Desert Specialties, LLC. [Doc. 3]. Defendants subsequently amended their Notice of Removal and alleged that each member of Defendant High Desert Specialties, LLC, is a citizen of the State of Nevada. [Doc. 5] at 2.

[4] It is unclear from the briefing and affidavits exactly how many emails and phone calls the parties ultimately exchanged and who initiated each communication. Plaintiff Eric Espat states in his affidavit that "[w]hile [he] made the initial contact with Defendants, [his] ensuing communications with them were not unilaterally initiated by [him]. Rather, Defendant Timothy Wissenback called [him] and emailed [him] in New Mexico on multiple occasions." [Doc. 10-1] at 2. Plaintiffs also submit a copy of an email exchange between Plaintiff Eric Espat and Defendant Timothy Wissenback occurring on February 7 and 8, 2014, concerning photos of the Vehicle and Plaintiffs' trip to Las Vegas to examine it. *Id.* at 4. Defendant Timothy Wissenback states in his own affidavit that he sent two emails to Plaintiffs in response to their initial inquiry concerning the Vehicle, and then Plaintiff Eric Espat initiated a

2

exchanges, Plaintiffs made clear that they lived in and intended to use the car in Albuquerque, New Mexico. [Doc. 10-1] at 2. Plaintiffs allege that Defendants made representations that were "false or omitted facts in a misleading way" during their exchanges. *Id.*

During the parties' telephone and email exchanges, the Vehicle's price decreased from $125,000 to $106,000. Why the price decreased is disputed. According to Plaintiffs, Defendants reduced the price in an effort to "advance[] the potential transaction." [Doc. 10] at 3; *see* [Doc. 10-1] at 2. Defendants contend that Plaintiff Eric Espat made the lower offer after learning of a competing offer of $105,000 from a Texas resident. [Doc. 12-1] at 3. That is, Defendants contend that rather than decreasing the price themselves, they merely accepted Plaintiffs' lower offer. *Id.* Regardless, Plaintiffs ultimately purchased the Vehicle for $106,000—or $19,000 less than the advertised price. *Compare* [Doc. 1-2] at 2 (noting the purchase price), *with* [Doc. 1-2] at 7 (listing the price as $125,000).

On February 10, 2014, Plaintiffs traveled to Las Vegas, Nevada, to examine the Vehicle. [Doc. 1-2] at 2; [Doc. 10-1] at 2. There, Defendants allegedly reaffirmed their earlier misrepresentations. [Doc. 1-2] at 2. Plaintiffs purchased the Vehicle while in Las Vegas, Nevada. *Id.*; [Doc. 10-1] at 2.

Defendants assisted Plaintiffs in transporting the Vehicle to Albuquerque, New Mexico. However, the parties disagree on the scope of that assistance and on which party initiated such assistance. Plaintiff Eric Espat avers that "Defendants took responsibility for the transportation arrangements, including by obtaining an estimate from a transportation company for the cost of delivery to Albuquerque and planning for the Vehicle to be picked up from their home (although

---

telephone conversation to discuss the potential sale further. [Doc. 12-1] at 3. During the telephone conversation, he states, Plaintiff Eric Espat decided to drive from his home to Las Vegas, Nevada, to inspect the Vehicle. *Id.*

[Plaintiffs] paid the transportation company)." [Doc. 10-1] at 3. Defendant Timothy Wissenback avers that Plaintiffs requested his assistance in arranging transportation, and, after Defendants obtained quotes to ship the Vehicle, it was Plaintiffs who selected the transportation company and paid for the service. [Doc. 12-1] at 4.

After taking possession of the Vehicle, Plaintiffs discovered that the Vehicle was previously purchased with a salvage title, contained non-Ferrari parts, and was "worth substantially less" than what they had anticipated. [Doc. 1-2] at 3. Plaintiffs have used and stored the Vehicle in New Mexico. [Doc. 10-1] at 3. Plaintiffs allege that they have suffered damages resulting from the Vehicle's deficient condition, and that they suffered those damages in New Mexico. *Id*.

Defendants now move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See generally* [Doc. 7]. Defendants claim that they lack sufficient minimum contacts with New Mexico to confer personal jurisdiction. [Doc. 7] at 3–8; [Doc. 12] at 3–6.

## Standard for Personal Jurisdiction

When a defendant challenges the court's personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In the preliminary stages of litigation, this "burden is light[, and p]rior to trial, the plaintiff is only required to establish a prima facie showing of [personal] jurisdiction." *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). The plaintiff may make the required prima facie showing by coming forward with facts, via affidavit or other

written materials that would support jurisdiction over the defendant if true. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). Only the well-pleaded facts of a plaintiff's complaint, however, as opposed to mere conclusory allegations in pleadings or other materials, must be accepted as true. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Moreover, if the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor.[5] *Wenz*, 55 F.3d at 1505.

The Fourteenth Amendment's Due Process Clause requires that a defendant be subject to a court's personal jurisdiction before a judgment can be rendered against her. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980). "To obtain personal jurisdiction over a non-resident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). New Mexico's long-arm statute is coextensive with the Fourteenth Amendment's Due Process Clause, and thus, if jurisdiction is permitted under the Due Process Clause, it also is authorized by the long-arm statute.[6] *Fireman's Fund Ins. Co. v. Thyssen Mining Constr.*, 703 F.3d 488, 492 (10th Cir. 2012).

---

[5] In this case, "Defendants dispute Plaintiffs' account of the transaction" as contained in Plaintiff Eric Espat's affidavit, [Doc. 10-1] at 1– 3. [Doc. 12] at 9. Defendants request an evidentiary hearing on the issue of jurisdiction "should the Court be inclined to rule that the affidavit supports personal jurisdiction." *Id.* at 11. However, even taking as true all allegations contained in Plaintiff Eric Espat's affidavit, the Court declines to find personal jurisdiction over Defendants. Accordingly, Defendants' request for an evidentiary hearing is denied as moot.

[6] Personal jurisdiction can be general or specific. Here, Plaintiff does not argue that the Court has general jurisdiction over Defendant based on continuous and systematic general business contacts with New Mexico. [Doc. 10] at 7 ("[Plaintiffs] maintain that the Court has specific jurisdiction over this case."); *see TH Agric. & Nutrition v. ACE Eur. Grp. Ltd.*, 488 F.3d 1282 (10th Cir. 2007) (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)). Thus, the dispute here is whether the Court has specific jurisdiction over Defendants.

A court may assert personal jurisdiction over a defendant only if the defendant has sufficient "minimum contacts" with the forum state and if subjecting the defendant to the court's jurisdiction will "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "[T]he 'minimum contacts' inquiry principally protects the liberty of the non-resident defendant, not the interests of the plaintiff." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 291–92). The determination of whether a non-resident defendant has minimum contacts sufficient to support a court's exercise of personal jurisdiction "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 134 S. Ct. at 1121 (quoting *Keeton v. Hustler Magazine, Inc.*, 456 U.S. 770, 775 (1984)). The "defendant's conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

A defendant may reasonably anticipate being subject to suit in the forum state if "the defendant purposefully avail[ed him]self of the privilege of conducting activities within the forum State." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 109 (1987) (internal quotation marks omitted). Furthermore, the litigation must "result[] from alleged injuries that arise out of or relate to those activities." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal quotation marks omitted). In other words, the plaintiff's cause of action must "arise directly from a defendant's forum-related activities." *Id.* "Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is

deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078.

A single phone call or letter may be sufficient to support jurisdiction, if it represents an attempt by the defendant to purposefully avail himself of the privileges associated with conducting business in the forum state. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418−19 (10th Cir. 1988). Phone calls, letters, facsimiles, and emails may "provide additional evidence that [an out-of-state defendant] pursued a continuing business relationship with the plaintiff." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1059 (10th Cir. 2008) (quoting *Pro Axess v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1278 (10th Cir. 2005)) (internal quotation marks and alterations omitted). Indeed, "modern communications can eliminate the need for physical presence." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, at 476 (1985)). Further, telephone and mail communications between the parties may establish personal jurisdiction where the communication involved is the "nucleus of the alleged wrongful conduct rather than just an ancillary contact with the forum." *Russey v. Rankin*, 837 F. Supp. 1103, 1105 (D.N.M. 1993) (finding personal jurisdiction where demand letters sent by the defendant, a consumer debt collection agency, to the plaintiff were the "nucleus" of plaintiff's claims under the Federal Fair Debt Collection Practices Act).

Generally, the contacts must be commercial in nature because non-commercial contacts do not evidence purposeful availment of a state's laws and protections. *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 97 (1978). "[A] single transaction of business within this State can be sufficient to subject a nonresident defendant to the jurisdiction of New Mexico courts, provided that the cause of action being sued upon arises from that particular transaction of business."

*Russey v. Rankin*, 837 F. Supp. 1103, 1104–05 (D.N.M. 1993) (quoting *Customwood Mfg., Inc. v. Downey Const. Co.*, 1984-NMSC-115, ¶ 5, 102 N.M. 56).

A growing body of case law provides guidance for cases in which a single business transaction between parties in different states stems from internet forums and advertisements. A majority of courts that have considered personal jurisdiction over online auction participants have held that the "usual online auction process does not rise to the level of purposeful conduct required to assert personal jurisdiction." *Toytrackerz LLC v. Koehler*, Civ. No. 08-2297-GLR, 2009 WL 1505705, at *8 (D. Kan. May 28, 2009); *see Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) (affirming the district court's dismissal for lack of personal jurisdiction over an eBay seller); *Foley v. Yacht Mgmt. Grp., Inc.*, No. 08C7254, 2009 WL 2020776, at *3 (N.D. Ill. July 9, 2009); *Ginsburg v. Dinicola*, No. Civ. A. 06-11509RWZ, 2007 WL 1673533, at *2–4 (D. Mass. June 7, 2007); *Action Tapes, Inc. v. Weaver*, No. Civ. 3:05-CV-1693-H, 2005 WL 3199706, at *3 (N.D. Tex. Nov. 23, 2005); *United Cutlery Corp. v. NFZ, Inc.*, No. Civ. CCB-03-1723, 2003 WL 22851946, at *4 (D. Md. Dec. 1, 2003); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 544–45 (D.N.J. 2002); *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 749 (E.D. Mich. 2000). An eBay seller, for example, generally "does not purposefully avail herself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state." *Toytrackerz LLC*, 2009 WL 1505705, at *8; *see Miche Bag, LLC v. Cook*, No. 2:09-CV-166TC, 2009 WL 1707949, at *2 (D. Utah June 17, 2009) ("Most courts to consider the question have concluded that eBay users are not analogous to the operators of independent sites."). Such courts have concluded that eBay sales are "random, attenuated, and the choice of the highest bidder is beyond the control of the seller." *Toytrackerz LLC*, 2009 WL

1505705, at *8.  However, other cases suggest that courts may exercise personal jurisdiction over an online seller who has significantly advanced a transaction through fraudulent misrepresentations and acted outside of the usual online auction method.  *See, e.g.*, *Erwin v. Piscitello*, 627 F. Supp. 2d 855, 857 (E.D. Tenn. 2007) (finding personal jurisdiction over a Texas resident who advertised his automobile on eBay, negotiated with a potential buyer over the phone, advanced the sale of the car through allegedly fraudulent misrepresentations, and ultimately sent the car to Tennessee).

## Analysis

Defendants lack sufficient minimum contacts with New Mexico, as they have not purposefully directed activities toward the state.  Therefore, the Court may not exercise personal jurisdiction over them.

Plaintiffs argue that Defendants have sufficient minimum contacts with New Mexico because they purposefully directed activities toward New Mexico that resulted in harm to Plaintiffs.  [Doc. 10] at 2.  First, Plaintiffs contend that "Defendants purposefully directed activities at residents of New Mexico by . . . pursuing business from [Plaintiffs], whom they knew to reside in New Mexico, through a series of telephone and email communications."  *Id.* at 8.  Defendants communicated with Plaintiffs via telephone and email while Plaintiffs were in New Mexico.  *Id.* at 10.  During these communications, Plaintiffs argue, Defendants actively "advanced the potential transaction" by offering to sell the Vehicle at a lower price than initially advertised.  *Id.*

Second, Plaintiffs contend that Defendants purposefully directed activities by "selling the Vehicle to [Plaintiffs], with actual knowledge that the Vehicle would be used in New Mexico."

*Id.* at 8.  As evidenced by the Vehicle's bill of sale, [Doc. 10-1] at 5, Defendants knew at the time of the sale that Plaintiffs resided in Albuquerque, New Mexico.  [Doc. 10] at 5.  And, according to Plaintiffs, Defendants played "an instrumental role in arranging for the transportation of the Vehicle to New Mexico." *Id.* at 10.  Further, Plaintiffs argue that all three claims for relief stated in the Complaint arise from their transaction with Defendants, and each claim relates to Defendants' purposely directed activities in New Mexico.  *Id.* at 8–9.

Plaintiffs recognize that a one-time internet transaction may be insufficient to establish minimum contacts.  However, they contend that the present case is distinguishable for two reasons.  First, they claim that "Defendants had actual knowledge that the Vehicle was being taken to New Mexico—and even arranged for the transportation of the Vehicle to New Mexico." *Id.* at 10.  Plaintiffs attempt to distinguish the present case from those in which courts have found no personal jurisdiction because the seller lacked "foreknowledge that the buyer was going to take the product into a particular forum." *Id.* (quoting *Dudnikov*, 514 F.3d at 1074).  Second, Plaintiffs claim the present case is distinguishable because the monetary value of the Vehicle sale is relatively high.  *Id.* at 11 (citing *Butler v. Beer Across Am.*, 83 F. Supp. 2d 1261, 1267 (N.D. Ala. 2000), to show that courts have considered relative monetary value as a factor in the minimum-contacts analysis).

Defendants argue that they lack sufficient minimum contacts with New Mexico to confer personal jurisdiction because they have not purposefully directed activities toward the forum state.  [Doc. 7] at 3–8; [Doc. 12] at 3–6.  Defendants contend that their communications and ultimate transaction with Plaintiffs "do not amount to the transaction of business in New Mexico and do not amount to Defendants purposefully directing activities at New Mexico."  [Doc. 12]

10

at 4 (analogizing to *Customwood Mfg.*, 1984-NMSC-115). Further, Defendants argue that their internet-based sale of the Vehicle is insufficient to confer personal jurisdiction.[7] *Id.* at 4–6 (relying on *Boschetto*, 539 F.3d 1011). Defendants are correct.

The internet-based sale of the Vehicle—a single transaction between the parties—is insufficient to establish that Defendants purposefully directed their activities toward the forum state. As discussed above, a majority of courts to address personal jurisdiction over online sellers have held that the usual online auction process, via forums such as eBay, does not rise to the level of purposefully directed activity required for minimum contacts. *See, e.g.*, *Boschetto*, 539 F.3d at 1019; *Toytrackerz LLC*, 2009 WL 1505705, at *8; *but see Erwin*, 627 F. Supp. 2d at 857 (finding personal jurisdiction over an out-of-state eBay seller). Defendants rely on *Boschetto*, a case from the Ninth Circuit. [Doc. 12] at 4–6. In *Boschetto*, Wisconsin sellers listed a car for sale on eBay. 539 F.3d at 1014. A California buyer bid on the car and won the online auction. *Id.* The buyer and sellers then communicated via email to arrange for delivery of the car. *Id.* The buyer hired a transport company to transport the car from Wisconsin to California. *Id.* Upon the car's arrival in California, the buyer discovered that the car was in poor condition. *Id.* at 1015. The buyer sued the seller in federal court in California. *Id.* The district court dismissed the action for lack of personal jurisdiction. *Id.* Affirming, the Ninth Circuit stated that "the lone transaction for the sale of one item does not establish that the [sellers] purposefully availed themselves of the privilege of doing business in California." *Id.* at 1017.

---

[7] In their Motion, Defendants also argue that the AutoTrader.com advertisement alone cannot establish personal jurisdiction over Defendants. [Doc. 7] at 4–9 (citing *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011)). Plaintiffs apparently do not contest this. [Doc. 10] at 10 ("Of course, [Plaintiffs] are not relying on Defendants' posting of the Autotrader ad to establish personal jurisdiction."). Therefore, the Court will not address Defendants' argument concerning the AutoTrader.com advertisement.

11

The transaction—"at bottom, a contract for the sale of a good"—did not involve any continuing commitments and created no "substantial connection" between the seller and the forum state. *Id.*

Though not controlling, the Court finds *Boschetto* persuasive, as Courts within the Tenth Circuit have reached similar holdings concerning purposeful conduct in cases involving eBay transactions. *See, e.g.*, *Miche Bag, LLC*, 2009 WL 1707949, at *2; *Toytrackerz LLC*, 2009 WL 1505705, at *8. As in *Boschetto*, Defendants advertised the Vehicle on a nationwide internet forum. [Doc. 1-2] at 2. Just as the *Boschetto* buyer saw the internet advertisement from his California home, Plaintiffs saw the AutoTrader.com advertisement from their home in New Mexico. [Doc. 10-1] at 1. Defendants did not target New Mexico in particular with their AutoTrader.com advertisement, nor did they visit the forum state during the negotiations. [Doc. 12-1] at 2. Plaintiffs initiated the sale by contacting Defendants through the AutoTrader.com website. *Id.* at 3. And, as in *Boschetto*, the Vehicle was shipped to Plaintiffs' home after the parties finalized the transaction. [Doc. 10-1] at 3. As Defendants point out, Plaintiffs even traveled to Defendants' home in Nevada to inspect the Vehicle and complete the transaction. [Doc. 12] at 5. The Vehicle sale involved no continuing commitments and created no substantial connection between Defendants and New Mexico. *See Boschetto*, 539 F.3d at 1017. Defendants' mere knowledge that Plaintiffs reside in New Mexico does not alter this analysis. *See Walden v. Fiore*, 134 S. Ct. 1115, 1125–26 (2014) (holding that a defendant's mere knowledge that his actions would affect a forum resident does not confer personal jurisdiction). Ultimately, the lone transaction between the parties fails to establish that Defendants purposefully directed activities so as to avail themselves of the privilege of doing business in New Mexico. *See id.*

Though the Vehicle sale involves a single internet-based transaction, Plaintiffs contend that Defendants' active pursuit of the sale via telephone and email exchanges, with knowledge of Plaintiffs' New Mexico residency, establishes Defendants' minimum contacts with the forum state. [Doc. 10] at 8–10; *see also* Recording of Motion Hearing at 9:51–52 a.m., February 26, 2015, Liberty Recorder, Doña Ana Courtroom (Plaintiffs' counsel argues that the present case is distinguishable from *Boschetto* because of the parties' individualized negotiations). The Court acknowledges that the telephone and email exchanges in the present case differ from the usual online auction process. *See Toytrackerz LLC*, 2009 WL 1505705, at *8 (noting that "the choice of the highest bidder is beyond the control of the seller" in most eBay sales). Nevertheless, the Court is not convinced that the telephone and email exchanges here are sufficient to establish that Defendants purposefully directed their activities at the forum state during the internet-based sale of the Vehicle.

Ordinarily, the use of mail and telephones to contact a New Mexico resident from out of state is insufficient by itself to establish purposeful availment—especially where the defendant has not solicited or otherwise initiated the business transaction. *CABA Liab. Co. v. Mustang Software, Inc.*, 1999-NMCA-089, ¶ 21, 127 N.M. 556. Even entering into a contract with a resident of the forum state and exchanging interstate telephone calls and messages in furtherance of that contact does not, of itself, necessarily amount to purposefully directing activities at New Mexico. *See Customwood Mfg.*, 1984-NMSC-115. Phone calls, letters, and emails establish minimum contacts where such communications provide additional evidence of an out-of-state defendant's pursuit of a continuing business relationship with the plaintiff. *AST Sports Sci., Inc.*, 514 F.3d at 1059. That is, the communications represent the defendant's

13

attempt to purposefully avail himself of the privileges of conducting business in the forum state. *See Rambo*, 839 F.2d at 1418−19.

Here, Defendants' phone calls and emails do not evidence Defendants' attempt to purposefully avail themselves of the privileges of conducting business in New Mexico. Plaintiffs initiated the transaction with Defendants. [Doc. 10-1] at 2; *cf. Customwood Mfg.*, 1984-NMSC-115, ¶¶ 6–7 (finding no personal jurisdiction over an out-of-state contractor where the contractor had not initiated the transaction but rather had been directed to transact with a New Mexico resident by a third party). Defendants did not solicit Plaintiffs' business but rather communicated with Plaintiffs in response to their inquiry on the Vehicle. [Doc. 12-1] at 3. Defendants' offer to reduce the Vehicle price during negotiations, *see* [Doc. 10-1] at 2, which Plaintiffs allege and Defendants contest, does not create a continuing business relationship between the parties such that Defendants purposefully directed activities toward the forum state. Neither does Defendants' mere knowledge that Plaintiffs reside in Albuquerque evidence an attempt to purposefully avail themselves of the privileges of conducting business in New Mexico.

Finally, the Vehicle's substantial monetary value does not create minimum contacts with the forum state. Plaintiffs argue that the relative monetary value of the item sold should factor in to the minimum contacts analysis. [Doc. 10] at 11. The Court disagrees. Plaintiffs point to no controlling authority to support their argument. In fact, case law from other circuits indicates that the minimum contacts analysis does not change simply because the purchased item is an automobile. *See, e.g.*, *Boschetto*, 539 F. 3d at 1016–19 (including no analysis concerning the relative monetary value of the purchased item). This Court declines to find minimum contacts

based on the relatively high price of the Vehicle, where Defendants have not otherwise purposefully directed activities toward the forum state.

## Conclusion

Defendants lack sufficient minimum contacts with New Mexico to confer personal jurisdiction over them.  Because the Court finds that Defendants lack sufficient minimum contacts to confer personal jurisdiction, the Motion will be granted on that ground.  Thus, the Court need not proceed to the question of traditional notions of fair play and substantial justice. *See Dudnikov*, 514 F.3d at 1080.

**IT IS THEREFORE ORDERED, ADJUGED, AND DECREED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 7] is **GRANTED**.  This action is **DISMISSED without prejudice** for lack of personal jurisdiction over Defendants Timothy and Linda Wissenback and High Desert Specialties, LLC.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**